UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy Edward Knoedler and<br>Candace Lynn Knoedler,<br><br>Plaintiffs,<br><br>v.<br><br>Wilford, Geske & Cook, P.A.,<br>Ocwen Loan Servicing, LLC,<br>U.S. Bank National Association,<br>and Credit Based Asset Servicing<br>and Securitization, LLC,<br><br>Defendants. | Civ. No. 13-2782 (PAM/LIB)<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendants' Motion to Dismiss and Plaintiffs' Motion to Remand and Motion for Default. For the reasons that follow, the Motion to Remand and the Motion for Default are denied and the Motion to Dismiss is granted.

**BACKGROUND**

In October 2012, Defendant law firm Wilford, Geske & Cook, P.A., instituted foreclosure-by-advertisement proceedings against the home of Plaintiffs Timothy and Candace Knoedler in Saginaw, Minnesota. The sheriff's sale of the property was originally scheduled for December 2012, but the Knoedlers opted to postpone the scheduled sale for 11 months under Minn. Stat. § 580.07.[1] The Knoedlers filed this lawsuit in September 2013,

---

[1] This section allows a homeowner to postpone a mortgage foreclosure sale for 11 months in exchange for agreeing that the statutory redemption period after the sale is reduced to five weeks. The usual redemption period is six months. Minn. Stat. § 580.23.

just as the 11-month postponement period was about to end. The sheriff's sale had been rescheduled for December 2013, but in November the parties agreed to postpone the sale pending the outcome of these Motions.

Although the allegations in the Knoedlers' pro se Complaint are difficult to parse, it appears that they are claiming that Defendants failed to record an assignment of the mortgage, rendering the foreclosure-by-advertisement process invalid under Ruiz v. 1st Fidelity Loan Serv., LLC, 829 N.W.2d 53 (Minn. 2013). The Ruiz case stands for the proposition that lenders must strictly comply with the foreclosure-by-advertisement statute in order to take advantage of that statute's streamlined mortgage foreclosure proceedings.

The Knoedlers bought their home in 1989, taking out a $65,134.00 mortgage in favor of Margaretten & Co., Inc. The mortgage was assigned many times, and each assignment was duly recorded save one: a 1999 assignment from Wells Fargo (then known as Norwest Bank) to Credit Based Asset Servicing and Securitization LLC ("CBASS"). This assignment was not recorded until September 20, 2012. However, between 1999 and 2012, the mortgage had been assigned several more times: from CBASS to Bank of New York, then from Bank of New York back to CBASS, and finally from CBASS to U.S. Bank in 2007. The Knoedlers appear to be claiming that the failure to record the 1999 assignment to CBASS until 2012 means that all subsequent assignments were invalid and that the lenders did not strictly comply with the foreclosure-by-advertisement statute.

In addition, the Knoedlers contend that the Notice of Foreclosure for their home

erroneously lists U.S. Bank as a trustee of CBASS, further rendering that Notice faulty under the statute.  The Knoedlers point to a decision from the Bankruptcy Court for the Southern District of New York that they say conclusively determined that U.S. Bank was not a creditor of CBASS.  According to the Knoedlers, this decision means that U.S. Bank could not have been the trustee of CBASS, even though the Notice of Foreclosure lists U.S. Bank as such.  Thus, they argue that the Notice of Foreclosure contained inaccurate information and did not strictly comply with statutory requirements.  They do not explain why a decision that an entity is not a creditor of a bankrupt company necessarily means that that entity is also not a trustee of the company.

In response to the Motion to Dismiss, the Knoedlers filed a Motion to Remand and a Motion for Default.  The Motion to Remand contends that the law firm is a Minnesota citizen and is not fraudulently joined.

**DISCUSSION**

As an initial matter, Plaintiffs appear to challenge the application of the Federal Rules of Civil Procedure to this matter, claiming that because the Complaint was originally filed in state court, Minnesota's Rules should apply.  But as the Eighth Circuit recently noted, federal pleading standards apply to actions removed to federal court.  <u>Karnatcheva v. JPMorgan Chase Bank, N.A.</u>, 704 F.3d 545, 547 (8th Cir. 2013).  Plaintiffs' contention to the contrary is without merit.

**A. Default**

Plaintiffs have sought default in two ways. The first is an application for Clerk's Office entry of default at Docket No. 25. The second is a "Motion for Judicial Notice of the Motion for Clerk's Entry of Default" at Docket No. 26. Plaintiffs claim that they served Defendants with the Complaint as required under Minnesota law and that Defendants failed to file an answer in the time permitted under the Minnesota Rules.

Putting aside the fact that Defendants challenge the effectiveness of the service here, Defendants filed a Motion to Dismiss the Complaint, which constitutes a responsive pleading under Rule 55. The Motion is timely under the removal procedures, and a default judgment is not appropriate.

**B. Motion to Remand**

Plaintiffs seek a remand, contending that the Court lacks jurisdiction over the case because there is not complete diversity among the parties. There is no dispute that Wilford, Geske & Cook is a citizen of Minnesota. Defendants argue that remand is inappropriate because the law firm is fraudulently joined.

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in face and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). Claims against a lawyer arising out of an allegedly illegal foreclosure can succeed only if a plaintiff pleads that the law firm knowingly participated in a fraud, and such participation must be pled with particularity. Murphy v.

Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012).  Here, the Complaint contains no counts, and also does not particularly describe the law firm's alleged role in whatever fraud Plaintiffs believe was perpetrated against them by the failure to record all assignments of their mortgage.  The alleged failure to comply with statutory requisites might be negligence, but it is not fraud in this case.  Plaintiffs cannot make out a claim against the law firm and, as such, the law firm was fraudulently joined.  The Court has jurisdiction over the matter and the Motion to Remand is denied.

**C.    Motion to Dismiss**

Plaintiffs' case depends in large part on their theory that not all assignments of the mortgage were recorded before the notice of pendency was published.  Minnesota's foreclosure-by-advertisement statute requires that all assignments be recorded before foreclosure proceedings begin.  Minn. Stat. § 580.02.  As noted, the Minnesota Supreme Court recently affirmed that a lender is not entitled to foreclose by advertisement unless it has strictly complied with all of § 580.02's requisites.  Ruiz, 829 N.W.2d at 57.  But here, although the 1999 assignment was not contemporaneously recorded, it was recorded in September 2012, more than a month before the notice of foreclosure proceedings was published in November 2012.  Thus, Defendants complied with the foreclosure-by-advertisement requirements and the foreclosure was valid.

Plaintiffs make other allegations, such as claiming that the trust that was assigned the mortgage at one point closed before the date of the assignment and that the mortgage was

paid off by FHA insurance. But documents in the public record belie Plaintiffs' assertion that the mortgage was paid, and Plaintiffs' allegations regarding trust closing dates and the like are simply not plausible. The Complaint fails to state a claim on which relief can be granted and is dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion to Remand (Docket No. 18) is **DENIED**;

2. Plaintiffs' Motion for Judicial Notice of the Motion for Clerk's Entry of Default (Docket No. 26) is **DENIED**;

3. Defendants' Motion to Dismiss (Docket No. 6) is **GRANTED**; and

4. The Complaint is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   January 2, 2014

                                          *s/Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge